**UNITED STATES of America,
Plaintiff,**

v.

**Nicholas BRIGLIA et al., Defendants.**

United States District Court
S. D. New York.

Jan. 29, 1960.

Marguerite R. deSmet, Asst. U. S. Atty., New York City, for U. S. A.

Chas. H. Tenney, Corp. Counsel, New York City (Nathan B. Silverstein, New York City, of counsel), for defendant Rosetti.

Bernard J. Cuen (Bruce Goldstein, New York City, of counsel), for defendant Briglia.

MURPHY, District Judge.

This is an action by the government to foreclose a tax lien and for a judgment in the amount of such lien. Only two defendants have been served with process, Nicholas Briglia, the taxpayer, also known as Dante Brigliante, and Thomas E. Rosetti. Briglia is alleged to be the owner of certain precious stones now in the possession of the other defendant, Rosetti, who is the New York City Police Department Property Clerk.

The proof and admissions in the pleadings establish that the Commissioner of Internal Revenue made assessment of taxes upon the income of defendant Briglia for the calendar years 1947, 1948 and 1949 which, including penalties and interest, amounts to $384,653.54; that the commissioner certified the list of each assessment to the then Collector of Internal Revenue for the Third District of New York by whom it was received on August 4, 1952, and within ten days thereof the said collector gave notice to,

and demanded payment of the amount thereof from, defendant Briglia.

On February 3, 1953, the collector filed a Notice of Tax Lien with the Register of the City of New York, County of New York, with the Clerk of the United States District Court, Southern District of New York, and the Property Clerk of the New York City Police Department, for payment of the assessments heretofore described.

The court refused to permit defendant Briglia to contest the assessments by offering to prove the non-receipt of income during the years in question, on the ground that such assessments were immune from collateral attack in this court.

The principal issue litigated relates to the ownership and identity of the property admittedly being held by defendant Rosetti.

There was no dispute that on January 31, 1953, a locker in the subway arcade on West 42nd Street was broken into and that a complaint of grand larceny was made to the New York City Police Department on the same day describing the loss of $100,000 in precious stones from said locker. In support of this the government introduced the original Police Department Complaint Form which records the name "Dante Brigilante (sic) of 121 Primrose Ave., Fleetwood, N. Y." as complainant. This report states that the complainant said that he had placed the property in such locker on January 29, 1953, and on January 31, 1953, he discovered that the locker had been broken into and the property taken therefrom.

A New York City detective testified that he was in charge of the investigation of the alleged grand larceny complaint and that on February 1, 1953, another detective recovered some stones in another locker in the Port Authority Bus Terminal building at Eighth Avenue and 40th Street, New York City, and that the stones were turned over to him; he in turn delivered them to the Property Clerk of the Police Department who retains possession of them.

The Police Department records also indicate that Dante Brigliante made a claim as owner of the property and no other person has come forward in the intervening six years claiming the same although there are numerous liens in the form of judgments and third-party orders filed against it.

The Property Clerk offered no evidence, rested on the government's proof and moved for dismissal.

Defendant Briglia testified that he never owned the property and never made a claim for it. On cross-examination he admitted possession of the property, but as agent of a corporation of which he was an officer, and that the corporation had bought the property from various dealers during the years 1948 and 1949 and paid for it with corporation checks. He further testified that he had an attorney file a claim with the Police Department but that the claim was supposed to have been in the name of the corporation.

While the government's proof is not overwhelming we feel that a fair inference exists that the property now held by the Police Department Property Clerk is part of the same property that was stolen from the locker in the 42nd Street subway arcade and recovered the following day in another locker in the Port Authority Building. Of course the government would be entitled to a lien on the property only if it was the property of defendant Briglia. The only proof of ownership by defendant Briglia in the government's case is the fact that Briglia made a complaint of the loss of the property and, according to the Police Department records, is the only one over the years who has claimed it as owner.

Query: Is this enough proof to establish that defendant Briglia is in fact the lawful owner? In other words, does one who makes an immediate complaint of the theft of property to the police and subsequently files the only claim as owner sufficient to establish a prima facie case of ownership for the purpose of foreclosing a lien?

We find under all the circumstances that the proof was sufficient and since there was no contrary evidence submitted by Rossetti his motion to dismiss is denied.

A subsidiary question remains—whether defendant Briglia's testimony that the property was not his but another's, viz., his corporation, changes the result. Admittedly it would, if believed. We listened to his testimony and observed him on the stand and find his testimony incredible, and find as a fact that he was the owner and not his corporation and that the checks he proffered to prove the purchase of the merchandise were less persuasive than his oral testimony.

Accordingly, the government is entitled to judgment in the sum of $384,653.54 plus a decree foreclosing its lien against the Police Department Property Clerk, with a direction that defendant Briglia pay any deficiency resulting from such sale. Settle decree.

This memorandum is filed in lieu of findings of fact and conclusions of law.